IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RUSSELL T. NEAL,
FDOC Inmate #213156,
    Plaintiff,

vs.                                    Case No.: 3:20cv191/MCR/EMT

MANAGEMENT/EMPLOYEES OF
THE WATERFRONT RESCUE MISSION (FWB), et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Russell T. Neal ("Neal"), a prisoner of the Florida Department of Corrections proceeding pro se, seeks to remove a case from the Circuit Court of the First Judicial Circuit in and for Okaloosa County, Florida, Case No. 2016-CA-2164F (*see* "Suit for the Negligent and/or Direct Homicide of Nathaniel Lee Neal," pp. 3–4, ECF No. 1; "Leave to Transfer State Action/Notice of Removal," ECF No. 1-1). For the reasons that follow, the undersigned recommends that the case be summarily remanded to the state court.

On or about June 21, 2016, Neal filed a civil tort action against several employees of The Waterfront Rescue Mission (*see* "Leave to Transfer State Action/Notice of Removal," p. 2, ECF No. 1-1; "Transfer of Action," p. 1, ECF No. 1-2). Apparently the state tort case has not proceeded as quickly as Neal desires,

so he filed a petition for writ of mandamus in the Florida First District Court of Appeal ("First DCA"), Case No. 1D19-2510, seeking to compel the circuit court to take action (*see* "Leave to Transfer State Action/Notice of Removal," p. 5, ECF No. 1-1; "Transfer of Action," pp. 1–2, ECF No. 1-2).   Neal now seeks to remove or "transfer" the state tort action to this federal court (*see* "Leave to Transfer State Action/Notice of Removal," ECF No. 1-1; "Transfer of Action," ECF No. 1-2). Neal's notice of removal, filed on January 14, 2020, was not accompanied by a copy of any process, pleadings or orders from the state court action.

The general removal statute, 28 U.S.C. § 1441, provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed **by the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added); *see also* 28 U.S.C. § 1443 (authorizing removal "by the defendant" of civil rights cases).   "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).   If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   28 U.S.C. § 1447(c).

The plain language of the removal statute vests the right of removal exclusively in defendants. *See* 28 U.S.C. § 1441(a); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106–07, 61 S. Ct. 868, 85 L. Ed. 2d 1214 (1941) (holding that Congress intentionally removed the phrase "either party" from the federal removal statutes to limit the power of removal to "the defendant or defendants" in a suit); *F.D.I.C. v. S & I 85-1, Ltd.*, 22 F.3d 1070, 1072 (11th Cir. 1994) (holding that under the general removal statute, a plaintiff cannot remove an action from state to federal court).

Because Neal instituted the state court proceedings, he is not authorized by law to remove the civil action under 28 U.S.C. §§ 1441(a) or 1443.  This court must remand the case to the Circuit Court of the First Judicial Circuit in and for Okaloosa County, Florida.  *See Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) ("There are several . . . bright line limitations on federal removal jurisdiction . . . that some might regard as arbitrary and unfair.  Such limitations, however, are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove."); *see also, e.g., Heard v. Publix Supermarkets, Inc.*, No. 4:19cvRH/CJK, 2019 WL 920911, at *1–2 (N.D. Fla. Jan. 9, 2019) (remanding federal case to state court because removing party was the plaintiff in the state court cases he sought to remove to federal court), *Report and*

*Recommendation Adopted by* 2019 WL 919593, at *1 (N.D. Fla. Feb. 25, 2019); *Thomas v. Generac Power Sys., Inc.*, No. 4:18cv421/MW/CAS, 2018 WL 4905950, at *1–2 (N.D. Fla. Sept. 20, 2018) (same), *Report and Recommendation Adopted by* 2018 WL 4905015, at *1 (N.D. Fla. Sept. 20, 2018); *Moncrieffe v. Florida*, No. 4:17cv297/MW/GRJ, 2017 WL 4159378, at *1–2 (N.D. Fla. Aug. 16, 2017) (same), *Report and Recommendation Adopted by* 2017 WL 4157536, at *1 (N.D. Fla. Sept. 19, 2017).

Accordingly, it is respectfully **RECOMMENDED**:

1. That the state case Plaintiff seeks to remove, Circuit Court of the First Judicial Circuit in and for Okaloosa County, Florida, Case No. 2016-CA-2164F, be **REMANDED** to the Circuit Court of the First Judicial Circuit in and for Okaloosa County, Florida;

2. That all pending motions be **DENIED as moot**; and

3. That the clerk of court be directed to close this case.

At Pensacola, Florida, this 23rd day of January 2020.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case No.:  3:20cv191/MCR/EMT